UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| DARIAN AYALA VELAZQUEZ, SPECIAL ADMINISTRATOR OF THE ESTATE OF JOAN AYALA DIAZ, DECEASED<br>c/o Spangenberg Shibley & Liber LLP<br>1001 Lakeside Avenue East, Suite 1700<br>Cleveland, OH 44114<br><br>        Plaintiff,<br><br>    vs.<br><br>PHIL R. STAMMITTI<br>LORAIN COUNTY SHERIFF<br>9896 Murray Ridge Rd.<br>Elyria, OH 44035<br><br>    and<br><br>DEPUTY ROBERT MODERWELL<br>c/o Lorain County Sheriff<br>9896 Murray Ridge Rd.<br>Elyria, OH 44035<br><br>    and<br><br>CORRECTIONS OFFICER YVETTE BECKWITH<br>c/o Lorain County Sheriff<br>9896 Murray Ridge Rd.<br>Elyria, OH 44035<br><br>    and<br><br>CORRECTIONS NURSE JOHN ALLEN<br>c/o Lorain County Sheriff<br>9896 Murray Ridge Rd.<br>Elyria, OH 44035<br><br>    and | CASE NO. 1:24-cv-879<br><br>JUDGE<br><br><br><br><br><br><br>**COMPLAINT**<br><br>*[Jury Demand Endorsed Hereon]* |

CORRECTIONS OFFICER ERIC HOLLIS            )
c/o Lorain County Sheriff                  )
9896 Murray Ridge Rd.                      )
Elyria, OH 44035                           )
                                           )
    and                )
                                           )
CORRECTIONS OFFICER JASON                  )
JANCSURA                                   )
c/o Lorain County Sheriff                  )
9896 Murray Ridge Rd.                      )
Elyria, OH 44035                           )
                                           )
    and                )
                                           )
CORRECTIONS OFFICER RYAN FRIZELL           )
c/o Lorain County Sheriff                  )
9896 Murray Ridge Rd.                      )
Elyria, OH 44035                           )
                                           )
    and                )
                                           )
CORRECTIONS SERGEANT CENU GLOVER           )
c/o Lorain County Sheriff                  )
9896 Murray Ridge Rd.                      )
Elyria, OH 44035                           )
                                           )
    and                )
                                           )
CORRECTIONS NURSE BROOKS, FIRST            )
NAME UNKNOWN                               )
c/o Lorain County Sheriff                  )
9896 Murray Ridge Rd.                      )
Elyria, OH 44035                           )
                                           )
    and                )
                                           )
BON SECOURS MERCY HEALTH, INC.             )
c/o Corporation Service Company            )
1160 Dublin Road, Suite 400                )
Columbus, OH 43215                         )
                                           )
    and                )
                                           )
                                           )
                                           )
                                           )

2

BON SECOURS MERCY HEALTH MEDICAL        )
GROUP LLC                                                          )
c/o Corporation Service Company                          )
1160 Dublin Road, Suite 400                                )
Columbus, OH 43215                                           )
                                                                          )
  and                                                  )
                                                                          )
BON SECOURS MERCY HEALTH                          )
FOUNDATION                                                     )
c/o Corporation Service Company                          )
1160 Dublin Road, Suite 400                                )
Columbus, OH 43215                                           )
                                                                          )
  and                                                  )
                                                                          )
MERCY HEALTH – REGIONAL MEDICAL          )
CENTER, LLC                                                      )
c/o Corporation Service Company                          )
1160 Dublin Road, Suite 400                                )
Columbus, OH 43215                                           )
                                                                          )
  and                                                  )
                                                                          )
JOHN M. DOAN, D.O.                                        )
770 Kapiolani Boulevard, Suite 705                      )
Honolulu, HI 96813                                             )

Defendants.

---

Now comes Plaintiff Darian Ayala Velazquez, Special Administrator of the Estate of Joan Ayala Diaz, Deceased, by and through counsel, and for her Complaint against the above-captioned Defendants states and avers as follows:

1. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, the Fourteenth Amendment to the United States Constitution, and the laws of the State of Ohio.

2. This action arises from the wanton, reckless, and deliberately indifferent conduct of certain Lorain County employees at the Lorain County Jail on May 17-18, 2023, as well as the negligent medical treatment at Mercy Health Lorain Hospital on May 17, 2023—all of which

3

caused the untimely and wrongful death of 28-year-old Joan Ayala Diaz, who died on May 19, 2023, and left behind her four minor daughters, her parents, and her four siblings.

3.      At approximately 7:30 p.m. on Wednesday, May 17, 2023, at a Family Dollar store in Lorain, Ohio, a store employee observed Joan appearing unwell.

4.      The employee asked Joan if she was okay, at which point Joan fell to the floor and became unresponsive.

5.      The employee called 911, and paramedics arrived.

6.      It was determined that Joan had ingested a Percocet pill that happened to be laced with fentanyl.

7.      The paramedics administered 2 milligrams of Narcan (naloxone) in the ambulance, thus reviving Joan, and transported her to Mercy Health Lorain Hospital.

8.      Joan arrived at the Emergency Department at 8:01 p.m.

9.      She was diagnosed with an accidental opiate overdose.

10.     Defendant John M. Doan, D.O., was assigned as the attending physician in the Emergency Department.

11.     Joan was noted to be nauseated and was given Zofran, an anti-nausea/anti-emetic medication.

12.     Joan was able to tolerate fluids by mouth initially, but by around 10:21 p.m., despite the Zofran, she was vomiting and experiencing lightheadedness.

13.     Defendant Doan documented that Joan presented with an opiate overdose, had been given 2 milligrams of Narcan by the paramedics, and was nauseated in the Emergency Department.

14.     Defendant Lorain County Sheriff's Deputy Robert Moderwell was present at the Emergency Department and indicated to the medical providers, including Defendant Doan, that

Joan would be taken to the Lorain County Jail after discharge from the hospital, rather than go home.

15.     Defendant Moderwell was taking Joan into custody on a municipal court bench warrant for failure to appear in connection with traffic charges.

16.     Defendant Doan, in violation of the standard of care, discharged Joan prematurely from the Emergency Department, putting Joan at substantial risk of decompensation and death.

17.     Because Narcan has a shorter half-life than opiates, the effects of the opiates will last longer than Narcan.

18.     The standard of care required Defendant Doan to keep Joan at the hospital and under medical surveillance until after the Narcan wore off in order to protect her from the lethal effects of opiates still in her system. Defendant Doan chose not to do that in violation of the standard of care, allowing her to be taken to jail instead.

19.     Defendant Moderwell transported Joan to the Lorain County Jail, where she arrived shortly after 11 p.m.

20.     Upon arrival at the jail, as depicted on the jail's security video footage, Joan, under the effects of the opiates, could barely get herself out of the police cruiser.

21.     After managing to get out, she laid her head and arms on the trunk of the car.

22.     She staggered toward the booking vestibule, hunched over, shuffling her steps, reeling from side to side, pausing to vomit into a bag.

23.     She continued vomiting as she entered the vestibule with Defendant Moderwell immediately behind her.

24.     In the vestibule, she crouched down, still vomiting, and then sat on the floor.

25.     She was somnolent and struggled to stay awake and upright.

26.     Defendant Corrections Officer Yvette Beckwith entered the vestibule, saw Joan on the floor, and had her place the vomit bag into a clear plastic property bag.

27.     Defendant Beckwith ordered Joan to stand up, which Joan was barely able to do.

28.     Joan staggered to the opposite side of the vestibule and vomited again.

29.     Defendant Lorain County Sheriff's Office Corrections Nurse John Allen arrived in the vestibule at approximately 11:13 p.m.

30.     Joan sat back down on the concrete floor.

31.     Defendant Allen was informed Joan was suffering from an accidental opiate overdose and saw that Joan was in medical distress.

32.     Defendants Moderwell, Beckwith, and Allen watched Joan for several minutes and did nothing as she sat on the floor, resting her head against the wall, unable to keep her eyes open.

33.     Defendants Moderwell, Beckwith, and Allen allowed Joan to be admitted to the jail without taking any steps to treat the opiate overdose from which Joan was clearly suffering.

34.     Defendant Beckwith performed a pat down and search.

35.     Defendants Beckwith and Moderwell took Joan to the x-ray body scanner room.

36.     After the scan, Defendants Beckwith and Moderwell escorted Joan back to the vestibule.

37.     While being escorted to the booking area, Joan vomited several more times.

38.     Defendants Beckwith, Moderwell, and Allen, as well as Defendants Corrections Officers Eric Hollis, Jason Jancsura, and Ryan Frizell, Defendant Corrections Sergeant Cenu Glover, and Defendant Nurse Brooks (first name unknown) were working in the jail that night; they were aware Joan was suffering from an opiate overdose; they were able to observe—or did in fact observe—her in distress; but they chose not to provide or procure any medical treatment.

39.     The Lorain County Jail has an ample, readily accessible supply of Narcan for exactly this type of situation—yet no one at the jail bothered taking the simple step of administering this life-saving medication to Joan when she was obviously in the throes of an opiate overdose.

40.     Following the booking process, Joan laid herself down on the booking bench in a hallway, in full view of the jail security cameras (which captured the next several hours), the corrections officers, and the nursing staff.

41.     Defendant Jancsura observed Joan awkwardly hunched over on the bench, unable to stay awake or keep herself upright.

42.     Defendant Jancsura chose not to seek or provide Joan with any medical care.

43.     Starting around 12:20 a.m., on May 18, 2023, Joan was hunched over and hanging unnaturally over the edge of the bench, nodding off, struggling to keep her eyes open.

44.     Starting at around 12:41 a.m., Joan began suffering from respiratory inhibition, breathing at a dangerously slow rate.

45.     By 1:45 a.m., Joan was showing signs of agonal breathing as her body gasped for air.

46.     At around 1:52 a.m., another jail detainee observed Joan drooling from the mouth and not breathing.

47.     It was not until this detainee alerted a corrections officer (who was sitting mere feet from Joan) that any action was taken by the jail staff.

48.     Yet another six minutes elapsed before any attempts were made by the jail staff to perform CPR on Joan.

49.     By the time the jail staff finally attempted CPR, it was too late.

50.     Although Joan's heart was able to be restarted, she never regained consciousness.

51.     She was transported by ambulance to University Hospitals Elyria Medical Center where she died the next day, May 19, 2023.

52.     The official cause of death, as determined by the Lorain County Medical Examiner, was acute intoxication by fentanyl and oxycodone.

53.     Plaintiff asserts claims under federal law for deliberate indifference and under Ohio law for medical negligence, wanton and reckless misconduct, and wrongful death.

54.     These claims arise from the acts, failures to act, and omissions of the Defendants at Mercy Health Lorain Hospital and the Lorain County Jail, as well as the policies, procedures, and customs of the Lorain County Sheriff.

55.     While Joan was a patient at Mercy Health Lorain Hospital under the care of Defendant Doan, she was entitled to reasonable medical care under Ohio law.

56.     While Joan was a pretrial detainee at the Lorain County Jail, she had a clearly established constitutional right to adequate and necessary medical care under the Fourteenth Amendment.

57.     Defendant Doan acted negligently in the medical treatment (and lack thereof) he provided Joan.

58.     Defendants Moderwell, Beckwith, Allen, Hollis, Jancsura, Frizell, Glover, and Brooks acted wantonly and with reckless and callous disregard for and deliberate indifference to Joan's serious and obvious medical needs while she was a pretrial detainee in the Lorain County Jail.

59.     The Lorain County Jail, the administration for which Defendant Lorain County Sheriff is responsible, has a pattern of denying detainees prompt and adequate medical care for

8

their serious medical needs, which is the result of unconstitutional customs, practices, and policies at the Jail and the Lorain County Sheriff's Office.

60.     Defendant Lorain County Sheriff implemented and/or had in place, at all times relevant, policies and customs that violated and/or that were applied in such a way that they violated the constitutional rights of detainees at the Lorain County Jail, including Joan, to prompt and adequate medical care to treat serious medical needs.

61.     Plaintiff seeks monetary damages (compensatory and punitive), as well as an award of costs and reasonable attorneys' fees, and all such other relief as the Court deems appropriate.

## JURISDICTION AND VENUE

62.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as certain claims asserted herein arise under the Constitution and laws of the United States, to wit, the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

63.     Supplemental jurisdiction over the state law claims asserted herein exists and is invoked pursuant to 28 U.S.C. § 1367.

64.     Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2).

## PARTIES

65.     Plaintiff Darian Ayala Velazquez is a U.S. citizen and a resident of the State of Ohio.

66.     Plaintiff Darian Ayala Velazquez is the Special Administrator of the Estate of Joan Ayala Diaz, Deceased, having been so appointed by the Lorain County Probate Court, Case No. 2023 ES 00857.

67. Plaintiff's decedent, Joan Diaz, was at the time of the events giving rise to this lawsuit, a U.S. citizen and resident of the State of Ohio.

68. At the time Joan was detained at the Lorain County Jail, she was a pretrial detainee entitled to the protections of the Fourteenth Amendment to the U.S. Constitution, including the clearly established right to prompt and adequate medical care to treat serious medical needs and the corollary right to be free from deliberate indifference to her serious medical needs.

69. At all times relevant, Defendant Lorain County Sheriff Phil Stammitti, sued herein in his official capacity, is and was the lawful Sheriff of Lorain County, Ohio and, through the Lorain County Sheriff's Office and its employees and agents, was the Sheriff of a duly authorized law enforcement agency, with the ability to sue and be sued, residing in Lorain County in the Northern District of Ohio. Defendant Lorain County Sheriff Stammitti is a "person" capable of being sued under 42 U.S.C. § 1983.

70. At all times relevant, Defendant Lorain County Sheriff Stammitti was responsible for the administration, operation and supervision of the Lorain County Jail and facilities and for the promulgation, enforcement and review of rules, regulations, policies, customs, and practices relevant thereto.

71. At all times relevant, Defendant Lorain County Sheriff Stammitti operated, maintained, and controlled the Lorain County Jail.

72. At all times relevant, Defendants Robert Moderwell, Yvette Beckwith, John Allen, Eric Hollis, Jason Jancsura, Ryan Frizell, Cenu Glover, and Brooks (first name presently unknown) were acting under color of law and within the course and scope of their employment with Lorain County. They are all "persons" capable of being sued under 42 U.S.C. § 1983 and are being sued in their individual capacities.

73.     Defendants Moderwell, Beckwith, Allen, Hollis, Jancsura, Frizell, Glover, and Brooks are residents of Ohio residing in the Northern District of Ohio.

74.     At all relevant times, Defendants Allen and Brooks were nurses licensed in the State of Ohio.

75.     At all relevant times, Defendant John M. Doan, D.O., was a physician licensed in the State of Ohio.

76.     Defendant Bon Secours Mercy Health, Inc., is an Ohio medical corporation.

77.     Defendant Bon Secours Mercy Health Medical Group LLC is an Ohio company.

78.     Defendant Bon Secours Mercy Health Foundation is an Ohio corporation.

79.     Defendant Mercy Health – Regional Medical Center, LLC, is an Ohio company with its principal place of business in Lorain County.

80.     Defendants Bon Secours Mercy Health, Inc., Bon Secours Mercy Health Medical Group LLC, Bon Secours Mercy Health Foundation, and Mercy Health – Regional Medical Center, LLC are licensed to do business in the State of Ohio and provide medical care and services to patients in Ohio, including at the hospital known as Mercy Health Lorain Hospital.

81.     Defendants Bon Secours Mercy Health, Inc., Bon Secours Mercy Health Medical Group LLC, Bon Secours Mercy Health Foundation, and Mercy Health – Regional Medical Center, LLC own, operate, and manage the hospital known as Mercy Health Lorain Hospital.

82.     Mercy Health Lorain Hospital holds itself out to the public as providing medical care through its employees and agents, actual and apparent.

83.     Defendants Bon Secours Mercy Health, Inc., Bon Secours Mercy Health Medical Group LLC, Bon Secours Mercy Health Foundation, and Mercy Health – Regional Medical Center, LLC are vicariously liable for the acts and omission of their employees and agents (actual

11

and apparent) acting within the course and scope of their employment and/or agency, including

Defendant Doan.

## FIRST CLAIM FOR RELIEF

**(Deliberate Indifference to Serious Medical Needs in Violation of the Fourteenth Amendment and 42 U.S.C. § 1983 against Defendants Moderwell, Beckwith, Allen, Hollis, Jancsura, Frizell, Glover, and Brooks)**

84.     Plaintiff incorporates and restates each and every preceding paragraph by reference as if fully rewritten herein.

85.     At all times relevant, while in the custody, care, and control of the Lorain County Sheriff at the Lorain County Jail, Joan Diaz was entitled to medical care and treatment for her serious medical needs.

86.     This First Claim for Relief is brought against the Defendants named above, pursuant to 42 U.S.C. § 1983, for deliberate indifference to and callous and/or reckless disregard for the rights and critical medical needs of Joan Diaz, an individual suffering from an objectively obvious and known acute medical condition that required timely and prompt appropriate care, treatment, assessment, and intervention to prevent substantial physical injury which was substantially certain to and did occur.

87.     At the aforementioned times and places within the Lorain County Jail on May 17-18, 2023, the Defendants named in this First Claim for Relief, acting under color of law, recognized, knew or should have known, and/or witnessed events that demonstrated that Joan Diaz had a serious and life-threatening medical condition that required prompt medical intervention to avoid deterioration and death.

88.     Despite knowledge of Joan's serious medical condition and needs, the Defendants named in this Claim for Relief were deliberately indifferent to and/or acted with callous/reckless

disregard for those serious medical needs by failing and/or refusing to summon or to provide the necessary medical care, assessment, evaluation, intervention, referral and treatment in a timely manner that Joan required.

89.     As a direct and proximate result of the conduct of the Defendants named in this Claim for Relief in denying Joan necessary medical assessment, evaluation, care, intervention, referral and treatment, Joan endured and suffered extreme conscious physical, mental and emotional pain and suffering, and pecuniary loss.

90.     At all times relevant, the Defendants named in this Claim for Relief were acting under color of law and within the course and scope of their employment with the Lorain County to their official duties with Lorain County. Accordingly, pursuant to Ohio Revised Code 2744.07, Lorain County must indemnify the employees named in this Claim for Relief.

**WHEREFORE,** Plaintiff demands judgment against Defendants named in this First Claim for Relief, jointly and severally, for compensatory damages that will fully and fairly compensate for Joan Diaz's injuries, damages and loss, including medical care, punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein, costs of suit, reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, and all such other relief to which Plaintiff is entitled or this Court deems equitable.

## SECOND CLAIM FOR RELIEF

**(Violation of 42 U.S.C. § 1983 against Defendant Lorain County Sheriff Stammitti, in His Official Capacity, for Failure to Train, Supervise, and Investigate, Ratification, and Unconstitutional Customs, Policies, and Practices Causing Constitutional Violation)**

91.     Plaintiff incorporates and restates each and every preceding paragraph by reference as if fully rewritten herein.

13

92.     At all times relevant, Defendant Lorain County Sheriff knew, or should have known, of a history, custom, propensity, and pattern at times relevant to the allegations herein of Lorain County corrections officers/personnel at the Lorain County Jail failing to provide medical care and being deliberately indifferent to detainees' serious medical needs.

93.     Defendant Lorain County Sheriff's disregard of this knowledge, or failure and/or refusal to adequately investigate and discover and correct such history, customs, and propensities, proximately caused the violation of Joan Diaz's Fourteenth Amendment right to prompt and adequate medical care to treat serious medical needs and the right to be free from deliberate indifference to her serious medical needs.

94.     At all times relevant, Defendant Lorain County Sheriff promulgated and maintained and/or was deliberately indifferent to unconstitutional customs, policies or practices of permitting, ignoring and condoning and/or encouraging, ratifying, and/or failing to discipline officers, deputies, and other employees and agents who were deliberately indifferent to the serious medical needs of detainees at the Lorain County Jail.

95.     At all times relevant, Defendant Lorain County Sheriff had a pattern and practice of failing to adequately train and/or supervise and investigate their employee officers, including the individual Defendants named in this case, on the usually and known recurring circumstances likely to be encountered by these officers, including, but not limited to, drug overdoses—which has been a rampant problem at the jail for several years—and providing medical care to detainees with serious medical needs, including those suffering from drug overdoses.

96.     These customs, policies and/or practices were the direct and proximate cause of the constitutional violations visited upon, and the injuries sustained by Joan Diaz.

97.     At all times relevant, the policies, customs and/or procedures referenced in this Claim for Relief were facially and/or *de facto* violative of the clearly established and known rights of detainees at the Lorain County Jail, including Joan Diaz, and their implementation constitutes deliberate indifference to and/or reckless and callous disregard for the constitutional rights of said detainees, including Joan, secured by the Fourteenth Amendment, including the right to adequate medical care.

98.     At all times relevant, the policies, customs and/or procedures referenced in this Claim for Relief were applied in such a manner, and known by the Defendant Lorain County Sheriff to be applied in such a manner, such that violations of the constitutional rights of detainees at the Lorain County Jail, including Joan Diaz, were likely and substantially certain to, and did, occur. Furthermore, the application and/or misapplication of these policies, practices and/or procedures amount to violations of the constitutional rights of said detainees, including Joan Diaz, secured by the Fourteenth Amendment, including the right to adequate medical care.

**WHEREFORE,** Plaintiff demands judgment against the Defendant Lorain County Sheriff for compensatory damages that will fully and fairly compensate for Joan Diaz's injuries, damages and loss, including medical care, reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, and all such other relief to which Plaintiff is entitled or this Court deems equitable.

## THIRD CLAIM FOR RELIEF

**(Claim for Reckless and Wanton Misconduct under Ohio Law against Defendants Moderwell, Beckwith, Allen, Hollis, Jancsura, Frizell, Glover, and Brooks)**

99.     Plaintiff restates and incorporates by reference each and every preceding paragraph as if fully rewritten herein.

100.    At all times relevant, while Joan Diaz was a pretrial detainee in the custody of the Lorain County Jail, the Defendants named above owed Joan a duty under Ohio law, federal, law,

15

and pursuant to their official duties as employees of Lorain County to provide prompt and adequate medical care to address her serious medical needs.

101.    The acts and omissions of the Defendants named above were in a wanton or reckless manner, depriving them of immunity under Ohio Revised Code 2744.03(A)(6)(b).

102.    As set forth herein above, the Defendants named in this Claim for Relief violated the duty of care they owed Joan and acted with reckless and wanton disregard for Joan's safety and well-being under circumstances where serious injury was substantially likely to and did occur.

103.    As a direct and proximate result of the reckless and wanton misconduct of the Defendants named in this Claim for Relief, Joan suffered physical and emotional pain, resulting in her untimely and wrongful death.

104.    The injuries sustained by Joan as a result of the conduct by these Defendants, as alleged herein, caused Joan's permanent inability to perform life-sustaining activities.

**WHEREFORE,** Plaintiff demands judgment against the Defendants named in this Claim For Relief, jointly and severally, for compensatory damages that will fully and fairly compensate for Joan Diaz's injuries, damages and loss, including medical care, punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein, costs of suit, reasonable attorneys' fees, and all such other relief to which Plaintiff is entitled or this Court deems equitable.

## **FOURTH CLAIM FOR RELIEF**

**(Medical Negligence under Ohio Law against Defendants Doan, Bon Secours Mercy Health, Inc., Bon Secours Mercy Health Medical Group LLC, Bon Secours Mercy Health Foundation, and Mercy Health – Regional Medical Center)**

105.    Plaintiff incorporates and restates each and every preceding paragraph by reference as if fully rewritten herein.

16

106.    Defendant Doan had a physician-patient relationship with Joan Diaz while she was a patient at Mercy Health Lorain Hospital on May 17, 2023.

107.    Defendant Doan owed a duty to Joan Diaz to provide medical care and treatment consistent with the applicable standards of care under the circumstances.

108.    Defendant Doan breached the applicable standards of care under the circumstances with respect to the care and treatment, and lack of care and treatment, provided to Joan Diaz at Mercy Health Lorain Hospital on May 17, 2023.

109.    As a direct and proximate result of the negligence of Defendant Doan, Joan Diaz suffered conscious mental and physical pain and suffering and required medical care and treatment prior to and leading up to her death on May 19, 2023.

110.    Defendants Bon Secours Mercy Health, Inc., Bon Secours Mercy Health Medical Group LLC, Bon Secours Mercy Health Foundation, and Mercy Health – Regional Medical Center are vicariously liable for the negligence of Defendant Doan, who was their employee and/or apparent agent.

**WHEREFORE,** Plaintiff demands judgment against Defendants Doan, Bon Secours Mercy Health, Inc., Bon Secours Mercy Health Medical Group LLC, Bon Secours Mercy Health Foundation, and Mercy Health – Regional Medical Center, jointly and severally, for compensatory damages in an amount that will fully and fairly compensate for Joan Diaz's pre-death injuries, damages, and losses, including the reasonable cost of medical care and treatment, and all such other relief to which Plaintiff is entitled or this Court deems equitable.

## FIFTH CLAIM FOR RELIEF

### (Wrongful Death against All Defendants except Defendant Stammitti)

111.    Plaintiff restates and incorporates by reference each and every preceding paragraph as if fully rewritten herein.

112.    As a result of the wrongful conduct and omissions described herein, Defendants named above in this Claim for Relief proximately caused Joan Diaz's untimely and wrongful death.

113.    As a direct and proximate result of the acts and omissions described herein, Joan Diaz suffered an untimely and wrongful death.

114.    As a direct and proximate result of the acts and omissions described herein, Joan Diaz's next of kin, including her four minor daughters, her parents, and her four siblings, have and will forever suffer those injuries, losses, and damages set forth in Ohio's wrongful death statutes, including loss of support from Joan Diaz's reasonably expected earning capacity, loss of services, loss of prospective inheritance, and loss of society, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education, and mental anguish.

**WHEREFORE,** Plaintiff demands judgment against all Defendants named above in this Claim for Relief, jointly and severally, for compensatory damages for all general and special damages and losses, as set forth in Ohio's wrongful death statute, and all such other relief to which Plaintiff is entitled and/or this Court deems equitable.

*TRIAL BY JURY ON ALL CLAIMS FOR RELIEF HEREBY DEMANDED.*

Dated: May 17, 2024.

> */s/ Jeremy A. Tor*
> JEREMY A. TOR (0091151)
> NICHOLAS A. DICELLO (0075745)
> **SPANGENBERG SHIBLEY & LIBER LLP**
> 1001 Lakeside Avenue East, Suite 1700
> Cleveland, OH  44114
> (216) 696-3232
> (216) 696-3924 (FAX)
> *jtor@spanglaw.com*
> *ndicello@spanglaw.com*
>
>
> /s/ *Matthew D. Besser*
> MATTHEW D. BESSER (0078071)
> **BOLEK BESSER GLESIUS LLC**
> Monarch Centre, Suite 302
> 5885 Landerbrook Drive
> Cleveland, Ohio 44124
> T 216.464.3004
> F 866.542.0743
> *mbesser@bolekbesser.com*
>
> *Counsel for Plaintiff*